UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTINA LYNN HICKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO.  3:10cv294 JD |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

On July 22, 2010, and later amended on August 4, 2010, this matter was referred to the undersigned to determine how this case should proceed.

The Plaintiff claims the Social Security Administration is impermissibly withholding her benefits. Social Security responds that they are withholding the Plaintiff's benefits because their regulations specifically require them to do so. Social Security notes that based upon a completed SSA-787 ("Physician's/Medical Officer's Statement of Patient's Capability to Manage Benefits") that Ms. Hicks' physician determined that she is incapable of handling her benefits. In such cases, the Social Security Administration is not permitted by their regulations to pay benefits directly to Ms. Hicks. Rather the agency regulations require that benefit payments must be made to a designated representative payee for Ms. Hicks' benefit. Social Security notes that, despite having had several designated payees in the past, Ms. Hicks has failed to cooperate with her representative payees and has terminated them.

In response, Ms. Hicks disputes her doctor's determination that she is incapable of handling her financial affairs.

In an attempt to informally resolve this matter, the Court conducted a status conference on September 15, 2010, with counsel for the Social Security Administration, Assistant United States Attorney Clifford D. Johnson, Defendants' representative from the Social Security Administration, Mr. David Seymour, and Ms. Hicks. At this informal conference, counsel and Social Security Administration representative explained to Ms. Hicks that because of the SSA-787 and her doctor's opinion, they could not pay her benefits directly to her. Rather, they are required to pay them to a designated representative payee for Ms. Hicks.

At the conference, Ms. Hicks indicated that another physician, Dr. Ribaudo, would certify to Social Security Administration that she was capable to handle her own affairs. In response, the Social Security Administration indicated that if this doctor so indicated, Social Security would not require that Ms. Hicks use a designated payee and would pay the benefits directly to her.

In order to accomplish this, the conference was recessed to allow Ms. Hicks to secure the doctor's opinion and file the appropriate form with the Social Security Administration. Counsel was ordered to submit a status report to inform the Court what had transpired, and on November 8, 2010, counsel filed the Status Report.

Unfortunately, as the report indicates, Dr. Ribaudo was not able to certify that Ms. Hicks could handle her financial affairs as Ms. Hicks had hoped. Dr. Ribaudo indicated that Ms. Hicks is not his patient and had not been seen by him for some time. Dr. Ribaudo also indicated he is unable to diagnose her psychological or mental capabilities. As a result the SSA-787 that remains on file is uncontradicted and prevents Social Security Administration to pay Ms. Hicks directly. The report also notes that Ms. Hicks refuses to cooperate with the Social Security Administration in the selection and appointment of another designated payee for her benefits. The report also asks this court to dismiss the Plaintiff's complaint for lack of jurisdiction.

**Recommendation**

Giving the Plaintiff's complaint a generous and liberal reading as the law requires of a *pro se* litigant, it is doubtful that Ms. Hicks has stated a claim for which relief may be granted. However, attempting to aid the Plaintiff in obtaining the benefits that all, including the Social Security Administration, agree she is entitled to receive, the Court attempted to work with all parties to reach a satisfactory resolution, that would allow the benefits to resume. The Social Security Administration correctly notes that they are not permitted by their regulations to pay benefits directly to someone like Ms. Hicks, who has been determined by a physician to be incapable of handling her financial affairs. There is no credible suggestion that such a regulation is either unconstitutional or unwise. Indeed just the opposite. It is entirely reasonable for the Social Security Administration not to pay benefits to someone who is incapable of handling financial affairs. Though Ms. Hicks disputes her physician's opinion, that incapacity is a factual matter which, until contradicted by another physician, remains the case here. Ms. Hicks may either seek yet another medical opinion which, if contrary to those on file, she may file a new SSA-787 indicating she is capable of handling her own financial affairs, or she may designate a representative payee as she has in the past; either way the Social Security Administration will then resume benefit payments. However, without either, the Social Security Administration does not appear to be acting contrary to law or inappropriately in complying with its regulations and suspending payments until Ms. Hicks complies with the Social Security Administration regulatory scheme.

For the reasons stated, the undersigned recommends that this Court issue an order requiring the Plaintiff to show cause why this case should not be dismissed for failure to state a claim upon which relief can be granted.

Respectfully submitted.

Dated November 12, 2010

                                                  S/Christopher A. Nuechterlein
                                                  Christopher A. Nuechterlein
                                                  United States Magistrate Judge