UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTINA LYNN HICKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:10-CV-294 JD |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

On July 21, 2010, Plaintiff, Christina Lynn Hicks ("Hicks"), filed a Complaint in this Court. On July 19, 2010, this Court referred this case to Magistrate Judge Nuechterlein to hold a status conference. [DE 3]. Thereafter, on August 4, 2010, this Court amended its referral, specifying that Magistrate Judge Nuechterlein may determine how this case should proceed. [DE 7].

Pursuant to the referral, Judge Nuechterlein conducted a status conference on September 15, 2010. At the conference, Hicks indicated that she contested the Commissioner's conclusions that she was incapable of handling her benefits and needed to designate a payee. *See* DE 18 at 1-2. Also at the conference, the Commissioner agreed to work with Hicks in utilizing a SSA-787 form to determine her ability to handle her benefits independently. *See* DE 18 at 2.

Thereafter, on November 8, 2010, the Commissioner filed a status report, indicating that Hicks' most recent attempts to prove her ability through a SSA-787 form were unsuccessful because she is not currently a patient of, Dr. Robaudo, the doctor she selected. *See* DE 18 at 2. As an alternative, a representative from the Social Security Administration, David Seymour, offered to assist Hicks in obtaining an evaluation through Psychology Associates. *See* DE 18 at 2. Seymour has tried to contact Hicks through the phone and mail to indicate his further attempts to assist her, but Seymour has been unsuccessful in locating or receiving a response

from Hicks. *See* DE 18 at 2. As such, the Commissioner requested that this Court dismiss Hick's complaint for lack of subject matter jurisdiction.

On November 12, 2010, Magistrate Judge Nuechterlein issued a Report and Recommendation, summarizing the status of the case and recommending that a show cause order be issued for failure to state a claim upon which relief can be granted. *See* DE 19 at 3.

As of this date, neither party has filed an objection to Magistrate Judge Nuechterlein's Report and Recommendation. A party may file specific written objections to a Magistrate Judge's proposed findings and recommendations within fourteen days of service of the Court's order. Fed. R. Civ. P. 72(b)(2). Because no party has responded to Magistrate Judge Nuechterlein's Report and Recommendation, this Court can only assume that there is no objection to the same.

Having reviewed the Report and Recommendation and agreeing with the reasoning therein, this Court **ADOPTS** the Report and Recommendation in its entirety. Accordingly, consistent with the recommendations of Magistrate Judge Nuechterlein, this Court now **ORDERS** Hicks to show cause why this case should not be dismissed for lack of subject matter jurisdiction and failure to state a claim upon with relief can be granted. Hicks is **ORDERED** to make a filing by **January 14, 2011**. Hicks is cautioned that failure to make such a filing may result in dismissal of her case. The Clerk is instructed to mail a copy of this Court's order to Hick's last known address.

SO ORDERED.

ENTERED: December 14, 2010

/s/ JON E. DEGUILIO
Judge
United States District Court